WO                                                                                                              KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Dustin Reeder,

                 Plaintiff,

v.

Doug Ducey, et al.,

                 Defendants.

No.  CV 21-00751-PHX-JAT (MTM)

**ORDER**

**I.     Background**

On March 23, 2021, Plaintiff Dustin Reeder and eight other prisoners filed a pro se Complaint in the Superior Court of Arizona, Pinal County, against the State of Arizona and Arizona Governor Doug Ducey.  On April 20, 2021, Defendants filed a Notice of Removal, removing the action to this Court.  In an April 29, 2021 Order, the Court determined removal was appropriate, severed the case into individual actions for each Plaintiff, directed the Clerk of Court to assign a new case number for each new action, and ordered the individual Plaintiffs to proceed independently.

Once this case had been opened on behalf of Plaintiff Reeder, the Court entered a May 12, 2021 Order dismissing the Complaint for failure to comply with Local Rule of Civil Procedure 3.4, which requires prisoner complaints to be filed on court-approved forms, and gave Plaintiff 30 days to file an amended complaint using the required form. The following day, Plaintiff filed a Request for Status Update in which he inquired about the status of this case, expressed concern that the Attorney General was failing to provide

JDDL

him copies of filings, and claimed that he had not received a copy of the Notice of Removal. On May 19, 2021, Plaintiff filed an "Objection and Request for Clarification" (Doc. 8).

## II.      Request for Status Update

In his Request for Status Update, Plaintiff seeks an update on the status of this case and expresses "concern[] that the Attorney General is failing to provide copies of filings with the Plaintiff." He claims that Defendants failed to send him a copy of their Notice of Removal and notes that they did not respond to his Complaint within 20 days, as directed in the Summons. The Court will grant Plaintiff's Request insofar as this Order provides an update on the status of this case.

As noted in the Court's May 12, 2021 Order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c). Because of this requirement, a defendant in such a case is not required to file an answer or other response to a complaint unless and until the Court orders him to do so. The Court has not yet ordered any Defendant to respond to the Complaint, and, as discussed above, the Complaint has been dismissed with leave to amend. If Plaintiff files a First Amended Complaint that is found by the Court to state a claim, Defendants will be ordered to respond accordingly.

With regard to the Notice of Removal, it is possible this document had not yet reached Plaintiff at the time he drafted his Request, as Defendants aver that it was mailed on April 20, 2021 (Doc. 2 at 3), and security protocols often cause the prison mail system to operate more slowly than standard mail. If Plaintiff still has not received the Notice of Removal by the time he receives this Order, he should file a written notice advising the Court that additional steps to ensure effective service may be necessary.

## III.      Objection and Request for Clarification

In his Objection and Request for Clarification, Plaintiff disputes the Court's characterization of the initial pleading as a "Complaint" and appears to challenge the Court's application of Local Rule of Civil Procedure 3.4, stating, "Plaintiff . . . should not

JDDL

be required now to alter the original filing merely because it was transferred to the district court."[1]   Plaintiff claims there was nothing in Judge Tuchi's severance Order about "separating [him] . . . from the original filings and forcing the Plaintiffs to come in as a 'new' filing."  Accordingly, he asks the Court to "treat this case as an existing case, and not [as] a new filing, and allow the Petition for Redress of Grievances to stand as Congress intended."

The Court will construe Plaintiff's filing as a Motion for Reconsideration.  Motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'"  *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a

---

[1] Plaintiff also reiterates that Defendants failed to serve him with a copy of the Notice of Removal before they filed it, stating that while he "would not [have] had any objection" to removal, it would have been "proper legal procedures" for Defendants to have served him in accordance with Rule 5 of the Federal Rules of Civil Procedure. Defendants were not required to serve Plaintiff with *advance* notice of their Notice of Removal. *See* Fed. R. Civ. P. 5; 28 U.S.C. § 1446(d).  And, as noted in the Court's May 12 Order, Defendants aver that they mailed a copy of the Notice of Removal to Plaintiff on April 20, 2021, the day it was filed.

Although Plaintiff does not object to removal, it is worth noting that a state court defendant has an *absolute right* to remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). Had Plaintiff wished to avoid removal, he could have relied exclusively on state law when asserting his claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law").

JDDL

motion.  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

First, any distinction Plaintiff attempts to draw between a complaint and a "petition for redress" is misguided.  This action was filed in state court as a civil action seeking relief from purportedly unlawful conditions of confinement.  As a result, it was filed herein as a civil action challenging prison conditions and was thereafter properly construed as an action brought pursuant to 42 U.S.C. § 1983.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is the proper method for challenging conditions of confinement (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973))).  If Plaintiff wishes to file any other type of action (e.g., a petition for post-conviction relief or motion for compassionate release in his underlying criminal case), he is free to do so.

Second, to the extent Plaintiff is arguing that this District's Local Rules of Civil Procedure ("Local Rules") do not apply to removed actions, this argument runs contrary to the spirit of those Rules and to clear language therein contemplating application to removed actions.  *See, e.g.,* LRCiv 3.6; *cf.* Fed. R. Civ. P. 81(c)(1) (providing that a court can require a plaintiff to replead in a removed case).  Insofar as Plaintiff is arguing for an exemption solely from Local Rule 3.4, his position is not supported by the text of that Rule, which expressly contemplates the dismissal of actions that have already been filed in contravention of the local or federal requirements for actions filed by incarcerated persons.

Finally, to the extent Plaintiff claims that the severance Order did not contemplate a "separation" of Plaintiff from his initial pleading, he is incorrect.  In the April 29, 2021 Order, Judge Tuchi expressly ordered the original Plaintiffs to "proceed independently from this point on," and the Court's May 12 Order explicitly directed Plaintiff to file an amended complaint that "include[s] *only* his claims for relief."  (Doc. 6 at 2).  Plaintiff has not been separated from his *own* causes of action, only those of the other prisoners whom Plaintiff is prohibited from representing.  *See Johns v. County of San Diego*, 114 F.3d 874,

JDDL

876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

Having reviewed the Complaint (Doc. 2-1 at 17-57), the May 12, 2021 Order dismissing the Complaint (Doc. 6), and the Objection and Motion for Clarification, the Court finds no basis to reconsider its decision.  The Objection and Motion for Clarification will therefore be denied.

## IV.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Status (Doc. 7) is granted to the extent this Order informs Plaintiff of the status of this case and is denied with respect to all other relief requested.

(2)    Plaintiff's "Objection and Request for Clarification" (Doc. 8), construed as a Motion for Reconsideration, is **denied**.

(3)    Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with the Court's May 12, 2021 Order and this Order.

Dated this 17th day of June, 2021.

James A. Teilborg
Senior United States District Judge

JDDL